**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS W. MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | ) | CASE NO. 1:26-cv-833<br><br>CHIEF JUDGE SARA LIOI<br><br>**MEMORANDUM OPINION AND ORDER** |

Before the Court is the joint stipulation of the parties for an award to plaintiff under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, of $5,153.61 in attorney fees. (Doc. No. 13.) For the reasons set forth herein, the joint stipulation is **APPROVED**.

## I. BACKGROUND

On April 7, 2026, plaintiff Douglas W. Miller ("Miller") filed this action seeking judicial review of defendant Commissioner of Social Security's ("Commissioner") denial of his application for Social Security Disability Benefits and Supplemental Security Income. (Doc. No. 1 (Complaint), at 1.)[1] The matter was referred to the magistrate judge for a report and recommendation. On July 28, 2026, Miller filed a 20-page brief on the merits. (Doc. No. 9.) On September 3, 2026, the parties jointly stipulated that the matter should be reversed and remanded to the Commissioner pursuant to Sentence Four of Section 205 of the Social Security Act, 42

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

U.S.C. § 405(g), on the grounds that additional evaluation of Miller's subjective complaints and the opinion evidence was warranted. (Doc. No. 10.) On the same day, the Court reversed and remanded the matter and entered judgment in favor of Miller. (Doc. No. 11.)

On November 17, 2026, the parties jointly stipulated and petitioned the Court to enter an order awarding $5,153.61 in attorney fees under the EAJA, 28 U.S.C. § 2412 (Doc. No. 13), and attached an itemized statement documenting the hours that counsel spent on Miller's case. (Doc. No. 13-2.)

## II. DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorneys' fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 553–54 (6th Cir. 2004). There is no dispute here that the government's position was not substantially justified and that Miller is the "prevailing party" under the EAJA. *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("A sentence-four remand makes the plaintiff a 'prevailing party' under the EAJA[.]").

Although the parties have stipulated to the award amount, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justify a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

An itemized statement attached to the parties' stipulation shows that a total of 21 hours of

legal services were performed in 2026, including the typical legal services of reviewing the case; writing and filing Miller's final complaint; drafting, editing, and filing Miller's brief on the merits; phone calls with Miller, and an email exchange with opposing counsel. (Doc. No. 13-2.) The Court finds both the amount and the nature of these legal services to be reasonable.

Miller's counsel uses a billing rate of $245.41 per hour (*id.*), which is an upward departure from the $125.00 statutory cap set by Congress in March 1996. But it is common to adjust the statutory hourly rate to account for cost-of-living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) (quotation omitted); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost-of-living increase). The rates proposed by counsel comport with the measure of inflation in this geographic region (*i.e.*, the Midwest Urban Consumer Price Index ("CPI-U")). *Crenshaw v. Comm'r of Soc. Sec.*, No. 1:13-cv-1845, 2014 WL 4388154, at *3 (N.D. Ohio Sept. 5, 2014) (collecting cases).[2]

Given these facts and calculations, the Court finds that the $5,153.61 stipulated fee award is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A). That award will be in full satisfaction of any and all of Miller's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by Miller to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 588, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

---

[2] Information on the CPI-U can be found on the website of the Bureau of Labor Statistics (http://data.bls.gov/timeseries/CUUR0200SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true). The average Midwest CPI-U for 2026 using available monthly data (January through October) is 309.507. The CPI-U in March 1996 was 151.7. Multiplying the statutory cap of $125.00 by 309.507 then dividing by 151.7 equals a billing rate of $255.03—higher than counsel's rate.

The Commissioner is directed to determine whether Miller owes any pre-existing debt to the United States. If Miller owes a pre-existing debt to the United States, the Commissioner shall direct that the award of $5,153.61 in attorney fees, less any setoff, be made payable to Miller's attorney and be mailed to the attorney's business address. If there is no setoff, then the full award shall be remitted.

## III. CONCLUSION

For the reasons set forth herein, the Court **APPROVES** the parties' joint stipulation for an award to plaintiff in the amount of $5,153.61 in attorney fees pursuant to 28 U.S.C. § 2412 (Doc. No. 13). These amounts shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: November 18, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**